DA 10-0306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 24N

CHERYL CALVERT,

        Plaintiff and Appellant,

   v.

CAROLYN GEIGER, individually and as
Personal Representative of the ESTATE
OF EUNICE JEANETTE "JEAN" SKELTON,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                    In and For the County of Musselshell, Cause No. DV-05-11
                    Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kirk D. Evenson, Marra, Sexe, Evenson & Bell, P.C.,
                Great Falls, Montana

        For Appellee:

                Court E. Ball, Towe, Ball, Enright, Mackey & Sommerfeld, P.L.L.P.,
                Billings, Montana

Submitted on Briefs:  January 26, 2011

Decided:  February 16, 2011

Filed:

_____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cheryl Calvert appeals from the judgment entered by the Fourteenth Judicial District Court, Musselshell County, regarding the Estate of her deceased mother, Eunice Jeannette "Jean" Skelton. She challenges the District Court's interpretation of her mother's Will and the resulting distribution of estate assets.

¶3 Calvert filed a complaint in March 2005 against her sister, Carolyn Geiger, personally and as Personal Representative of the Skelton Estate, alleging negligent misrepresentation, fraud, constructive fraud, and breach of fiduciary duty by Geiger in the probate of the Estate.[1] According to her complaint, the Estate had been probated and closed several years earlier. A bench trial was conducted on September 17, 2007, and the District Court issued "Findings of Fact, Analysis and Order" on December 20, 2007. On January 22, 2008, Geiger filed a "Notice of Entry of Findings of Fact, Analysis and Order," serving Calvert with a copy of the notice. Nothing happened thereafter until May 2008, when Calvert filed a motion to enforce the court's order of December 20, 2007. After hearing, the District Court issued an order on September 19, 2008, which largely denied Calvert's motion. Calvert then filed a notice of appeal and, after it was returned for deficiencies by the Clerk of this Court, filed a motion for entry of judgment in

---

[1] Calvert brought additional claims against other parties which were dismissed during the course of the proceeding and are not at issue in this appeal.

the District Court. Geiger resisted, arguing that the "Findings of Fact, Analysis and Order" entered by the court in December 2007, followed by her notice thereof, constituted the final judgment. The District Court granted Calvert's motion and entered judgment on May 25, 2010, after which Calvert filed a notice of appeal on June 23, 2010.

¶4 Calvert argues that the District Court erred by failing to conclude that her mother's intention under her Will was to divide all of the assets of the Estate equally between her and Geiger, and not just a portion of those assets, as determined by the District Court. Alternatively, she argues that she is entitled to a life estate in certain Montana real property. Geiger challenges the distribution as well, arguing that the District Court erred by failing to conclude that the unambiguous intent of the Will was to give all of the Estate's assets to Geiger, who was then to distribute the assets in accordance with the instructions given to her by her mother. However, Geiger failed to file a cross-appeal to properly preserve her challenge to the District Court's determination.

¶5 We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The appeal has not demonstrated error for which the parties are entitled to relief.

¶6 Affirmed.

¶7

/S/ JIM RICE

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES C. NELSON

4